UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Cr. No. 06-025 (PLF) |
| : | |
| **TARA D. JACKSON,** : | |
| : | |
| **Defendant** : | |

**SENTENCING MEMORANDUM**

On February 6, 2006, Ms. Tara Jackson, the defendant, pled guilty to a one-count Information charging her with Theft of Matter by Employee, in violation of 18 U.S.C. § 1709. She will appear before this Honorable Court for sentencing on April 27, 2006. Ms. Jackson, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

**Background**

Ms. Jackson grew-up in a very large family - one of eleven children - in the Washington, D.C. metropolitan area where she has been a life-long resident. Ms. Jackson has faced many challenges in her life - divorce, child custody battles, and the loss of various family members, including her mother in 1995.

In addition to the emotional struggles Ms. Jackson has faced, she has recognized that she has a substance abuse problem. Ms. Jackson has been struggling with a crack cocaine addiction. Early in 2006, Ms. Jackson on her own accord sought out treatment from counselors at her church and most recently asked to be placed into the CATAADA House through pretrial services. Ms. Jackson has realized that her addiction to crack had been the catalyst for her involvement in the instant offense.

In addition to her struggle and desire to overcome her dependency on crack, Ms. Jackson has eagerly pursued finding new employment. Ms. Jackson was employed with the U.S. Postal Service for almost seventeen years before her resignation. At the time of her resignation in June 2005, Ms. Jackson was earning $45,269.00 a year. Unfortunately, Ms. Jackson has been unable to find a financially equivalent job. However, that has not stopped her pursuit in becoming actively employed. Currently, she is working two part-time jobs - one delivering newspapers during the very early morning hours and another job later in the day working for Giant.

### **Argument**

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 0 to 6 months within Zone A. Both parties, however, object to the inclusion of two points pursuant to U.S.S.G. § 3B1.3 Abuse of Position of Trust, whereby the base offense level as calculated by the Probation Officer is at a base offense level of 8 versus 6. Notwithstanding this objection, the range of 0 to 6 months within Zone A of the Guidelines, still applies. Accordingly, a sentence of probation is authorized pursuant to U.S.S.G. § 5B1.1(a)(1). Therefore, Ms. Jackson requests that she be given a sentence of probation.

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Ms. Jackson's request that she be sentenced to a term of probation. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . .

the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a).  Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)).  Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.**  (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of probation would be warranted in this matter, and that a sentence of imprisonment within the Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2).  The Court should consider Ms. Jackson's family history, employment

3

history, minimal criminal history, her candid admissions regarding the instant offense, as well as various emotional challenges and substance abuse issues that Ms. Jackson has faced in her life. Further, the Court should consider the sum of restitution in this case. If Ms. Jackson is given a term of incarceration she will be unable to provide restitution in a timely fashion - if at all. The need to provide restitution to the victims in this case shall be considered by this Court pursuant to § 3553 (a)(7) in determining an appropriate sentence for Ms. Jackson.

Sentencing Ms. Jackson to a term of probation is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Ms. Jackson with needed educational or vocational training and medical care" while also allowing Ms. Jackson to repay the victims in this case for her wrongdoing. See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Jackson respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C.  20004
(202) 208-7500