## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No.  06-025 (PLF)** |
| | : | |
| **TARA D. JACKSON,** | : | |
| | : | |
| **Defendant** | : | |

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this supplemental memorandum in aid of sentencing.  For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant to a five-year term of probation that includes four months of community confinement or home detention.

### I.    BACKGROUND

On February 6, 2006, the defendant, Tara D. Jackson pled guilty to a one-count felony Information charging her with Theft of Mail Matter by an Officer or Employee, in violation of 18 U.S.C. § 1709.  During her plea colloquy, the defendant admitted that between June 1, 2004 and July 29, 2005, she stole $6,308.73 in money orders and gift cards from the United States mail while she was working as a Mail Processing Clerk for the United States Postal Service in the District of Columbia.

This matter was scheduled for sentencing on April 27, 2006.  On the day of sentencing, the government learned that in the time between the defendant's guilty plea and the scheduled sentencing date, the defendant had been convicted in D.C. Superior Court of the misdemeanor offense of Assault/Domestic.  In light of this new conviction, the government moved to continue

the sentencing in the instant case for a brief period of time so that the defendant's criminal

history score and category could be recalculated if appropriate.  The Court granted the

government's motion and set a new sentencing date of May 12, 2006.

The government has learned that on March 27, 2006, a D.C. Superior Court judge

sentenced the defendant on the Assault/Domestic conviction to 180 days to run consecutive to

any other time now serving.  Execution of the sentence was suspended as to all 180 days, and the

defendant was placed on probation for a period of one year.  The terms of her probation included

the completion of domestic violence treatment, a stay away from the complainants and a specific

address, and that she report to Courtroom 117 for ten consecutive Mondays in order to watch

courtroom proceedings in domestic violence cases.

## II.    REVISED SENTENCING CALCULATION

A.    <u>Statutory Maxima</u>

The maximum sentence for Theft of Mail Matter by Officer or Employee, pursuant to 18

U.S.C. § 1709, is five years confinement.  The maximum fine is $250,000.

B.    <u>Sentencing Guidelines Calculation</u>

The Pre-Sentence Report (hereinafter "PSR") calculates the offense level under the

United States Sentencing Guidelines as eight. See PSR ¶ 33.  This includes the base offense level

of six pursuant to U.S.S.G. § 2B1.1(a)(2), a two-level enhancement for "loss" amount between

$5,000 and $10,000 pursuant to U.S.S.G. § 2B1.1(b)(1); a two-level adjustment for Abuse of

Position of Public Trust pursuant to U.S.S.G. § 3B1.3; and a two-level decrease for an

adjustment for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(a).  In their plea

agreement, the parties did not include a two-level adjustment for Abuse of Position of Public

Trust in their calculation of the offense level.  As the government previously informed the Court,

the government contends that it is bound to honor the agreement it made with the defendant that the applicable guideline calculation is offense level six.

In light of the defendant's March 27, 2006 conviction for Assault, the defendant's criminal history score and category have changed. The defendant now has a criminal history score of two, establishing a criminal history category of II. See PSR ¶ 39, citing U.S.S.G. Chapter 5, Part A. Under an offense level of six and a criminal history category of II, the guideline range for imprisonment is 1-7 months. U.S.S.G., Chapter 5, Part A. For an offense level of 8 with a criminal history category of II, the guideline range for imprisonment is 4 to 10 months. See PSR ¶ 82. With the defendant's criminal history category of II, both an offense level of six and an offense level of eight are eligible for Zone B sentencing options. As noted in the PSR, the defendant is eligible for a probationary sentence that includes "a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment." See PSR ¶ 89, citing U.S.S.G. § 5B1.1(a)(2).

The PSR writer does not find factors indicating that a departure from the prescribed sentencing guidelines is warranted. See PSR ¶100. For the reasons set forth, infra §III of this Memorandum, the government respectfully requests that the Court sentence the defendant to a five-year term of probation to include four months of community confinement or home detention. Further, the government requests that the Court order the defendant to make full restitution in this case.

## III.     GOVERNMENT'S REVISED SENTENCING RECOMMENDATION

After conferring with the probation office regarding the sentencing options available to the defendant given her revised criminal history category, the government is now requesting that the Court sentence the defendant to a sentence of five years probation, to include a four month

period of either community confinement or home detention. The defendant should also be required to participate in drug treatment as recommended by probation, and to make full restitution in this case.

As noted in the government's first Memorandum in Aid of Sentencing, the defendant's conduct involved defrauding customers of the United States Postal Service – an entity in which the public places its trust on a daily basis. The owners of the money orders that the defendant stole undoubtedly counted upon the United States Postal Service to safely deliver these money orders to their intended destinations. As was evident in this case, when a money order is lost or stolen, there is often no way of tracking it back to the person who purchased it.

It is important that the Court send a deterrent message to postal employees that stealing money orders and other things of value from the United States Mail is a matter of serious concern. A lengthy term of probation with conditions, acknowledges the seriousness of the defendant's conduct while giving her the structure to assist her in paying her debt to society and turning her life around. Imposition of a four month period of home detention or community confinement also serves a deterrent effect on others contemplating theft of mail matter from the United States Postal Service.

**IV.    RESTITUTION**

Although the defendant stole and converted to her own use, $6,123.73 in money orders, the government has been unable to identify all of the victims in this case. Several of the money order companies do not keep records of the names of individuals who purchase money orders

from them.  Thus, the only way to ascertain the identity of the purchaser of a particular money order is if that person made or makes a complaint to the money order company or to the United States Postal Service.

To date, the government has identified five victims whose money orders were stolen by the defendant.  The total amount of loss for these victims is calculated at $1,755.00.  As the PSR states, the Court shall order full restitution to the victims without consideration of the economic circumstances of the defendant.  See PSR ¶ 96, citing 18 U.S.C. § 3664(f)(1)(A).  As such, the government requests that the Court order restitution in the amount of $1,755.00 to the identified victims in this case.

In addition, the government respectfully requests that should additional victims (who had purchased money orders identified in the Statement of Offense) come forward or be identified by the Postal Inspection Service, that the government be permitted to petition the Court for an amended restitution order on their behalf pursuant to 18 U.S.C. § 3664(5).

## V.     CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence the defendant to a five-year term of probation to include a four month period of either community confinement or home detention; that the Court order the defendant to participate in drug treatment programming as recommended by the United States Probation Office; and that the Court order the defendant to make full restitution in this case.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


_____
KIM A. HERD
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.        .
Washington, D.C. 20530
(202) 616-9370

6

7