UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 06-025 (PLF) |
| : | |
| TARA D. JACKSON, : | |
| : | |
| **Defendant** : | |

**SUPPLEMENTAL SENTENCING MEMORANDUM**

On May 12, 2006, Ms. Tara Jackson, the defendant, will appear before this Honorable Court for sentencing. Ms. Jackson, through undersigned counsel, previously submitted a Sentencing Memorandum, and now respectfully submits the following additional information regarding the calculation of her criminal history and subsequent guideline provision.

As the Court may recall, the parties appeared for sentencing in this matter on April 27, 2006. At that time, government counsel learned that Ms. Jackson had sustained a conviction for a misdemeanor assault in Superior Court for the District of Columbia and had requested a continuance to verify this conviction. See PSR ¶ 38, page 10. In light of this conviction, Ms. Jackson's total criminal history score now results in two points, therefore, establishing a criminal history category of II. See PSR ¶ 39, page 11. As a result of this new criminal history calculation, Ms. Jackson's calculated guideline range now falls in Zone B of the federal sentencing guidelines. However, there is still the outstanding issue as to whether or not the two points for Abuse of Position of Trust, pursuant to U.S.S.G. § 3B1.3 applies. See PSR Objections, page 21-22. If the Court finds that § 3B1.3 applies, Ms. Jackson's guideline range is 4 to 10 months; however, if the Court does not find that § 3B1.3 applies, Ms. Jackson's guideline range is 1 to 7 months. Notwithstanding this dispute regarding § 3B1.3, it is clear that Ms.

Jackson's calculated sentencing guideline range falls in Zone B.

**A.     The Court Should Sentence Ms. Jackson to a Reasonable Sentence Which is Less Than the Guideline Range found in Zone B in Order to Account for her Overstated Criminal History**

Under the Sentencing Guidelines, when a "defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes," a downward departure is warranted.  See U.S.S.G. § 4A1.3.  See also United States v. Beckham, 968 F.2d 47, 53-54 (D.C. Cir. 1992) (recognizing downward departure where accused criminal history over-represents the seriousness of past criminal conduct and the likelihood of recidivism).  In addition to the guideline provision, this Court can also consider as a mitigating factor a minimal prior record even if the Court does not determine that the prior record rises to the level of over-representation under § 4A1.3.  See 18 U.S.C. § 3553(a).

In determining whether to grant a downward departure under U.S.S.G. § 4A1.3, courts should compare the defendant' criminal history with others who occupy the same criminal history category.  See U.S.S.G. § 4A1.3.  When making a comparison in the instant case, it is clear that the Criminal History Category of II assigned to Ms. Jackson significantly over-represents the seriousness of her criminal history.  Ms. Jackson's convictions include two misdemeanor offenses that result in a subtotal criminal history score of two.  See PSR ¶ 39, page 11.  Of particular note is that Ms. Jackson's most recent conviction occurred on March 27, 2006, for a domestic related assault in the Superior Court for the District of Columbia.  As this Court is aware, it is common for open cases in Superior Court to trail any cases in U.S. District Court so that no additional criminal history points are assessed against individuals who have yet to appear

for sentencing in their U.S. District Court cases. Ms. Jackson did not elect to trail her Superior Court case to this case, rather she wanted to move forward in that matter in an effort to resolve emotional and family-related strains. If she had elected to continue her case in Superior Court to a date after this case was resolved, Ms. Jackson would have had a total criminal history score of one point, therefore, establishing a criminal history category of I, within Zone A of the sentencing guidelines.

Clearly, these two prior convictions assessed against Ms. Jackson substantially over-represent the seriousness of her criminal history. Individuals with prior felony convictions are placed in Criminal History Category II. Because Ms. Jackson's prior convictions include two misdemeanors, she is not similarly situated with other persons who have been identified with a criminal history category of II. Therefore, Ms. Jackson should be sentenced in accordance with Criminal History Category I, which more accurately correlates to her involvement with the criminal justice system. Alternatively, if this Court does not determine that Ms. Jackson's prior record rises to the level of over-representation under § 4A1.3, it can still consider the extremely minimal criminal record of Ms. Jackson under § 3553(a)(1).

**B.      Should the Court find that Ms. Jackson's prior record does not rise to the level of over-representation under § 4A1.3, it can still consider the extremely minimal criminal record of Ms. Jackson under § 3553(a)(1)**

In addition to the request for a downward departure based upon the theory of over-representation of Ms. Jackson's criminal history, the factors identified in 18 U.S.C. § 3553(a) support Ms. Jackson's request that she be sentenced to a term of probation as stated in Zone A of the federal sentencing guideline. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, __ U.S. __, 125 S.Ct. 738, 764

3

(2005).  These factors include:  "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a).  Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)).  Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]."  18 U.S.C. § 3553(a).

When considering the characteristics of Ms. Jackson, the Court should consider that Ms. Jackson has two prior convictions - two misdemeanors.  Sentencing Ms. Jackson in accordance with a Criminal History Category of I is "sufficient, but not greater than necessary to reflect the

seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Ms. Jackson with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons as may be discussed at the sentencing hearing in this matter, Ms. Jackson respectfully submits that a sentence within Zone A is adequate to promote the relevant sentencing objectives at issue in this case.

                                              Respectfully submitted,

                                                    /s/

                                        _____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500