UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

TARA JACKSON

Defendant.

CR. No. 06-025 (PLF/AK)

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge by the Honorable Paul L. Friedman, for a Hearing on Violation of Supervised Release and a Report and Recommendation.

Background

On May 12, 2006, the Defendant appeared for sentencing following a plea of guilty to the charge of Theft of Mail Matter by Officer or Employee, in violation of 18 U.S.C. §1709. Ms. Jackson was sentenced to five years probation with the following special conditions: 1) pay a special assessment of $100; 2) serve four months home confinement; 3) pay $1755 in restitution at a rate of $50 per month; 4) not incur new credit; 5) submit her income taxes to the Probation Office; 6) participate in mental health counseling, and 7) participate in substance abuse counseling and testing, which may include inpatient drug treatment. Supervision is scheduled to terminate on May 11, 2011.

On August 29, 2006, the trial court ordered that Ms. Jackson's monthly restitution

payment of $50 be vacated until her employment status changes.

In December 2006, the Probation Office filed a Form 12 Request for Course of Action, alleging that Ms. Jackson: 1) was in violation of the standard conditions of probation, in that she had committed another federal or state or local crime: 2) Ms. Jackson was in violation of the condition requiring her to notify the Probation Officer within 72 hours of being arrested; 3) she failed to participate in a drug treatment program; 4) she failed participate in anger management counseling; and 5) Ms. Jackson failed to report to the Probation Office as instructed.

On March 13, and again, on April 18, 2007, Ms. Jackson appeared before the undersigned Magistrate Judge for status hearings. On April 18, 2007, Ms. Jackson was directed to appear on May 21, 2007, before the undersigned, for a Hearing on Violation of probation.

By Memorandum dated May 11, 2007, the Probation Office advised the Court that Ms. Jackson was arrested, on May 2, 2007, by the Metropolitan Police Department ("MPD") for simple assault. The charge was subsequently no-papered and Ms. Jackson was released.

Ms. Jackson after having been arrested by the MPD on May 2, 2007, for simple assault, failed to notify the Probation Office within 72 hours. According to the Probation Officer, Ms. Jackson spoke with the Officer on May 5, 2007, and failed to report her earlier arrest.

Ms. Jackson had been directed to participate in a drug treatment program, which included drug testing and counseling. Ms. Jackson failed to report for group counseling on April 26, May 1, and 3, and 10, 2007. Ms. Jackson also failed to report for drug tests on April 25, and May 1, 2007. The Probation Officer noted, that on February 7, 2007, Ms. Jackson was referred to the Comprehensive Community Health and Psychological Services Program for substance abuse counseling and testing. She was directed to report to the Program twice per week for group

counseling and random testing, and as noted above, she failed to report for group counseling on four occasions and failed to report for drug tests on two occasions. Ms. Jackson told the Probation Officer that she had been ill for the last two weeks and would provide him with a doctor's excuse as to why she has not reported for drug counseling and testing as directed. She failed to provide a letter from her doctor.

On April 18, 2007, Ms. Jackson was referred to a Family Health Center for anger management counseling. On May 2, 2007, she failed to report to a counseling session and did not call to reschedule. On May 10, the Probation Officer spoke to Ms. Jackson, who reported that she had been ill for the last few weeks and will provide him with a doctor's excuse as to why she had not reported to anger management as scheduled. Again, she failed to provide a letter from her doctor.

On April 27, 2007, the Probation Office mailed Ms. Jackson a letter directing her to report to the Probation Office on May 1, 2007. She failed to report and did not call to reschedule. On May 1, 2007, the Probation Officer sent her a certified letter to report to his office on May 7, 2007. Again she failed to appear and did not call to reschedule.

<u>Hearing on Violation</u>

A hearing on the alleged violation of the conditions of probation was held before the undersigned on May 21, 2007. At the hearing, the Defendant was represented by counsel. The Probation Officer noted violations alleged in the Form 12, that, on May 2, 2007, the Defendant was arrested for simple assault and that she failed to notify the Probation Office within 72 hours. He noted that she failed to attend drug counseling, failed to participate in an anger management program, and failed to respond to letters from the Probation Officer. The Defendant, through

counsel, conceded the violations.

The Defendant, after acknowledging the violations of the conditions of her probation, offered as a reason the fact that she is unemployed; that she is attending an instruction program to obtain a commercial drivers' license and that she has been under a great deal of stress.

It would appear that the stress referred to by the Defendant stems from the dysfunctional and sometimes abusive relationship she has with her current boyfriend, which may result in her failure to attend the therapy sessions as a result of fear.

The Probation Officer recommends that Ms. Jackson's probation be revoked and that she be sentenced under the Advisory Guidelines to ten months incarceration. This recommendation is based in part on Ms. Jackson's total non-compliance with regard to her attendance at therapy programs that have been offered and recommended to her, her failure to maintain regular contact with the Probation Office and her continued criminal conduct. The Government also recommends that the Defendant's probation be revoked and she be sentenced at the high end of the Guideline range.

Notwithstanding the strong recommendation of both the Government and the Probation Office, that Ms. Jackson be remanded and held without bond pending a final determination by the trial court, the undersigned permitted Ms. Jackson to remain on her probation status with the condition that she stay away from her boyfriend and comply with all conditions and recommendations of the Probation Officer. The undersigned advised Ms. Jackson that, if the Probation Officer determines that Ms. Jackson is not in total compliance with all the terms and conditions of her probation and any additional recommendations of the Probation Officer, that he is to report to the undersigned and the Defendant will be returned to Court and could lose her

probationary status pending a final determination by the trial court.

Recommendation to the trial court

In view of the acknowledgment by the Defendant, through counsel, that she was and is not in compliance with the terms and conditions of her probation, and thus, they stand unrefuted on the record, the undersigned finds by a preponderance of the evidence that Ms. Jackson is in violation of the terms and conditions of her probation.

Clearly, Ms. Jackson's total failure to comply with the conditions of her probation warrants revocation. However, it appeared to the undersigned at the hearing that incarceration, for any period within the Guideline range, will not address the serious behavioral issues that plague Ms. Jackson. The undersigned was prepared to recommend to the trial court consideration of an alternative to incarceration, specifically placement in a Community Corrections Center for a period of six months or longer, which would have provided Ms. Jackson with a structured setting whereby she could attend anger management and drug therapy programs; she would not have been able to socialize with her boyfriend, who appears to exacerbate her behavioral problems. Failure to comply with any of the conditions set by the Center such as participation in a meaningful way in anger management and drug therapy programs would then result in incarceration. Such placement would have also permitted Ms. Jackson to complete her training program to obtain a commercial drivers' license, giving her the opportunity to obtain employment and also meet her restitution obligations.

Events subsequent to the Hearing on Violation lead the undersigned to change the recommendation initially intended for the trial court. On June 8, 2007, the Probation Officer notified this Court that Ms. Jackson had been arrested and charged in the Superior Court for the

District of Columbia with Assault, following her appearance for the Hearing on Violation on May 21, 2007. The new assault charge stems from an altercation between Ms Jackson and the former girlfriend of Ms. Jackson's current boyfriend, which occurred prior to the May 21, 2007 Hearing on Violation. The Probation Officer also advised that Ms. Jackson told him she loves her boyfriend and cannot stay away from him as directed by the undersigned when she was permitted to remain on probation.

Thus it appears to the undersigned that Ms. Jackson cannot or will not comply with any of the conditions imposed by the Court that conflict with what she wants to do. The history of her tortured compliance with supervision graphically suggests that any conditions set by the Court requiring her to participate in any form of therapy for drug and anger problems will merely set her up for failure and further violations. Accordingly it is the recommendation of the undersigned that Ms. Jackson be sentenced to a term of incarceration within the Guideline range.

<u>Options Available to the Trial Court</u>

According to the Probation Office, the alleged violations constitute a Grade C violation. Upon finding a Grade C violation, the trial court may: 1) revoke supervision or 2) extend the term and/or modify the conditions of supervision. The trial court may also consider continuing her on probation, with or without extending the term or modifying or enlarging the conditions. 18 U.S.C. §3565(a)(1). Under the Sentencing Guidelines, revocation would result in a Guideline range of 4 to 10 months for a Criminal History Category of II and a Grade C violation. U.S.S.G.§7B1.4(a). If the trial court revokes supervision, at the time of the original sentence, Ms. Jackson was exposed to an original sentence of five years in prison, pursuant to 18 U.S.C. §1709. In addition, Ms. Jackson's imprisonment exposure was four to ten months, pursuant to

U.S.S.G. Chapter 5, Part A. Pursuant to 18 U.S.C. §3565(b)(4), the trial court shall revoke the sentence of probation if the Defendant tests positive for controlled substances more than three times over the course of one year. Ms. Jackson tested positive for cocaine use on four occasions in the latter part of 2006; however, pursuant to 18 U.S.C. §3563(e), the trial court shall consider whether the availability of appropriate substance abuse treatment programs or an individual's current or past participation in such program warrants an exception in accordance with the United States Sentencing Guidelines from the rule of 18 U.S.C. §3565(b) when considering any action against a Defendant who fails a drug test.

DATED: June 12, 2007

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE